**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIMI PEREZ-FALCON ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SYNAGRO WEST, LLC; and ) <br> DOES 1 through 10, inclusive ) <br> ) <br> Defendants. ) <br> _____) | 1:11-cv-01645-AWI-JLT <br><br> ORDER RE: MOTION TO DISMISS <br><br> (Docs. 6-6-1) |

**I. INTRODUCTION**

Defendant Synagro West, LLC has filed a motion to dismiss the third and fourth causes of action in the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For reasons discussed below, the motion shall be denied.

**II. FACTS AND PROCEDURAL BACKGROUND**

On September 27, 2011, plaintiff Mimi Perez-Falcon (hereinafter referred to as "Plaintiff") filed her complaint against defendants Synagro West, LLC (hereinafter referred to as "Defendant") and Does 1 through 10, inclusive, asserting four causes of action for (1) wrongful termination in violation of

the anti-retaliation provisions of the California Fair Employment and Housing Act (FEHA, Cal. Gov. Code, § 12900 et seq.), (2) "wrongful termination in violation of public policy - retaliation for complaining about sexual harassment," (3) "wrongful termination in violation of public policy relating to complaints about solid waste disposal and violations of permits, statutes and regulations" and (4) violation of California Labor Code § 201.  In the complaint, Plaintiff alleged as follows:

> "5. Plaintiff was employed by defendant since June 2008.  In September 2010, Plaintiff began working as a compliance coordinator at defendant's plant in Taft, CA. The plant is involved in recycling human waste/biosolids. [¶] 6. Plaintiff worked as a Compliance Coordinator for defendant.  Her job duties included ensuring that its facilities were in compliance with all regulatory requirements and permit conditions."

Plaintiff further alleged:

> "7. Shortly before Plaintiff's termination, on May 13th and May 17th, 2011, Plaintiff complained to management, including Vice President of Human Resources Jackie Linton about sexual harassment at the Taft, CA plant where Plaintiff worked.  This complaint included statements made about Plaintiff by male workers of a sexual nature, and also that the management had allowed an environment of sexual harassment to exist at the Taft, CA plant where plaintiff worked. [¶] . . . [¶] 8. The reaction Plaintiff received from Linton and others was negative and was clearly an angry reaction to Plaintiff's complaint."

Plaintiff further alleged:

> "9. On May 24, 2011, Plaintiff received a letter dated May 23, 2011 and signed by Linton terminating her employment with defendant.  The reason given was 'inability to perform the duties of your position.'  The allegation in the May 23, 2011 correspondence that plaintiff had shown an 'inability to perform the duties of her position' was incorrect and untrue as Plaintiff had received good reviews while employed with defendant, Plaintiff never received a reprimand (verbal or written) while employed with defendant, and Plaintiff performed her job as expected.  In addition, Plaintiff's undergraduate degree in environmental engineering and masters degree in environmental engineering qualified her for the position. [¶] 10. Plaintiff timely filed an action with the Department of Fair Employment and Housing and received a right to sue letter from said agency.  This action is timely filed pursuant to said right to sue letter."

On November 3, 2011, Defendant filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the third and fourth causes of action in the complaint for "wrongful termination in violation of public policy relating to complaints about solid waste disposal and violations of permits, statutes and regulations" and violation of California Labor Code § 201, respectively.  On November 29, 2011, Plaintiff filed her opposition to Defendant's motion to dismiss.  On December

2

12, 2011, Defendant filed its reply to Plaintiff's opposition.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); see Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court is not required to accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

### IV. DISCUSSION

***1. Plaintiff's third cause of action ("wrongful termination in violation of public policy relating to complaints about solid waste disposal and violations of permits, statutes and regulations") –*** Plaintiff's third cause of action is for wrongful termination in violation of public policy. In

3

California, claims of wrongful termination in violation of public policy were first recognized in *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980) and are known as *Tameny* claims.  In that case, the California Supreme Court observed: "[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Id*. at 170.  To successfully assert a *Tameny* claim, a plaintiff must allege (1) he or she engaged in a protected activity, (2) the defendant subjected the plaintiff to an adverse employment action and (3) a causal connection existed between the protected activity and the adverse employment action. *Loggins v. Kaiser Permanente Intern.,* 151 Cal.App.4th 1102, 1109, 60 Cal.Rptr.3d 45 (2007) (citing *Yanowitz v. L'Oreal USA, Inc.,* 36 Cal.4th 1028, 1042, 32 Cal.Rptr.3d 436, 116 P.3d 1123 (2005)). Having reviewed the complaint, the Court finds Plaintiff has alleged facts sufficient to state a claim upon which relief may be granted.  Plaintiff alleges she was terminated for her internal reporting of a suspected failure to comply with various unspecified air quality and solid waste disposal statutes and regulations at Defendant's Taft, California, plant.  California courts have consistently recognized *Tameny* claims where, similar to here, an employee alleges he or she was terminated in retaliation for reporting to his or her employer or to a government agency reasonably suspected illegal conduct by the employer or other employees "that harms the public as well as the employer."  *Collier v. Superior Court,* 228 Cal.App.3d 1117, 1119, 279 Cal.Rptr. 453 (1991); *see, e.g., Casella v. Southwest Dealer Services, Inc.,* 157 Cal.App.4th 1127, 1141-42, 69 Cal.Rptr.3d 445 (2007); *Haney v. Aramark Uniform Services, Inc.,* 121 Cal.App.4th 623, 643, 17 Cal.Rptr.3d 336 (2004); *Jie v. Liang Tai Knitwear Co.,* 89 Cal.App.4th 654, 661-62, 107 Cal.Rptr.2d 682 (2001); *Gould v. Maryland Sound Industries, Inc.,* 31 Cal.App.4th 1137, 1150-51, 37 Cal.Rptr.2d 718 (1995); *Holmes v. General Dynamics Corp.,* 17 Cal.App.4th 1418, 1426, 22 Cal.Rptr.2d 172 (1993); *Blom v. N.G.K. Spark Plugs (U.S.A.), Inc.,* 3 Cal.App.4th 382, 388-89, 4 Cal.Rptr.2d 139 (1992).

     Defendant contends Plaintiff has failed to allege facts sufficient to state a cause of action because "Plaintiff has not tethered her claim to any constitutional or statutory authority."  In *Gantt*

*v. Sentry Insurance,* 1 Cal.4th 1083, 4 Cal.Rptr.2d 874, 824 P.2d 680, the California Supreme Court explained, "[C]ourts in wrongful discharge actions may not declare public policy without a basis in either the constitution or statutory provisions.  A public policy exception carefully tethered to fundamental policies that are delineated in constitutional or statutory provisions strikes the proper balance among the interests of employers, employees and the public.  The employer is bound, at a minimum, to know the fundamental public policies of the state and nation as expressed in their constitutions and statutes; so limited, the public policy exception presents no impediment to employers that operate within the bounds of law.  Employees are protected against employer actions that contravene fundamental state policy.  And society's interests are served through a more stable job market, in which its most important policies are safeguarded." *Id*. at 1095 (overruled in part on other grounds by *Green v. Ralee Engineering Co.,* 19 Cal.4th 66, 71, 78 Cal.Rptr.2d 16, 960 P.2d 1046 (1992)).  "[T]he cases in which violations of public policy are found generally fall into four categories: (1) refusing to violate a statute ([citations]); (2) performing a statutory obligation ([citation]); (3) exercising a statutory right or privilege ([citation]); and (4) reporting an alleged violation of a statute of public importance ([citations])[.]" *Gantt, supra,* 1 Cal.4th at 1090-91.

      In this case, Plaintiff alleges she was terminated because of complaints she made to her supervisors "involv[ing] the failure of the plant to comply with air quality regulations found in statutes" as well as " the failure of the plant to comply with solid waste regulations found in statutes, regulations, as well as which were required by [Defendant's] permits."  Plaintiff further alleges Defendant's actions "violated the public policy of the state of California as federal, state and county regulations as well as regulatory permits required certain standards which were violated and which were involved in Plaintiff's complaints to supervisors."  Reporting "illegal, unethical or unsafe practices" in the workplace is an activity protected by a fundamental public policy.  *Collier, supra,* 228 Cal.App.3d at 1122.  Plaintiff does not specify the exact laws, statutes or regulations she believed were violated by Defendant.  Nevertheless, assuming Plaintiff's allegations to be true, as the Court is required to do on motions to dismiss, Plaintiff has tethered her claim to statutory

5

authority. What Defendant must intend to suggest, therefore, is that Plaintiff must identify the *specific* laws or statutes allegedly violated by Defendant in order to state a claim. Defendant has provided no authority – and the Court's research reveals no authority – to support this proposition. In the Court's view, Plaintiff's allegations, while hardly a model of clarity or elucidation, are sufficient to give Defendant fair notice of the claim and the grounds on which it rests under the notice pleading requirements of Federal Rule of Civil Procedure 8(a). *See Vargas v. BP America, Inc.,* slip copy, 2011 WL 1601588 (E.D.Cal. April 27, 2011) at *3. This is particularly true in light of the allegations that some of the complaints Plaintiff made to her supervisor were written. Those complaints are presumably in Defendant's possession and readily available to defense counsel. Accordingly, Defendant's motion to dismiss this cause of action must be denied.

The Court is not convinced that Defendant's position would be tenable even under California authority. In *Green,* a quality control inspector for an aircraft parts manufacturer who was terminated after he informed his employer he believed it was shipping parts that were defective under federal safety regulations brought an action against the employer for retaliatory discharge in violation of the broad public policy favoring aviation safety. *Green, supra,* 19 Cal.4th at 70-73, 80-84. The trial court granted summary judgment in favor of the defendant. *Id*. at 74. The Second District of the California Court of Appeal reversed, and the California Supreme Court affirmed the Second District. *Id*. at 71-72. On appeal, the defendant argued that the Second District erred in reversing summary judgment because the plaintiff "failed to identify a specific statute supporting his wrongful termination claim until he filed his opposition to defendant's motion [for summary judgment]," and even then, "did not identify the statutes on which he relied, instead citing to the entire Federal Aviation Act and the Code of Federal Regulations without explaining their application to his case." *Id*. at 83. The defendant contended that the Second District "should have required the plaintiff to specify his claim's statutory basis in his original complaint, or, at the very least, in his responses to discovery," and that, "without a specific statute or constitutional provision upon which to base his claim, plaintiff's case was deficient as a matter of law[.]" *Id*. The *Green* court held that reversal was

proper: "After engaging in independent research, the Court of Appeal identified the regulations on which plaintiff now relies and requested supplemental briefing on whether those regulations could form the basis for plaintiff's public policy claim . . . . The court considered defendant's claim that plaintiff failed to produce the appropriate statutes or regulations to support his action at the summary judgment stage, but concluded that plaintiff had adequately identified several relevant FAA regulations as part of his opposition to summary judgment. Thus, the Court of Appeal properly held that plaintiff had met his burden to provide the specific statutes and regulations on which he based his claim." *Id*. at 83-84. While *Green* did not address "the precise time at which a plaintiff must identify the particular statutes forming the basis of a *Tameny* claim" (*id.* at 83 n. 7), the language of the court suggests that a *Tameny* plaintiff need not do so within the complaint or in discovery so long as the specific constitutional or statutory provisions embodying the applicable fundamental public policy bases for the claim are raised in opposition to a motion for summary judgment. *Sequoia Ins. Co. v. Superior Court,* 13 Cal.App.4th 1472, 16 Cal.Rptr.2d 888 (1993), the case relied on principally in the motion, is consistent with *Green* and therefore of no assistance to Defendant.

***2. Plaintiff's fourth cause of action (violation of California Labor Code § 201)*** – Plaintiff's fourth cause of action is for statutory waiting time penalties stemming from Defendant's late payment of Plaintiff's final wages in violation of California Labor Code §§ 201 and 203. Section 201 provides in pertinent part: "(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code, § 201, subd. (a). Section 203 provides waiting time penalties if an employer fails to make a timely payment of final wages in accordance with section 201. That statute provides in pertinent part: "(a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days . . . . [¶](b) Suit may be filed

for these penalties at any time before the operation of the statute of limitations on an action for the wages from which the penalties arise." Cal. Lab. Code, § 203, subds. (a), (b). "A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer intentionally fails to pay wages to an employee when those wages are due." Cal. Admin. Code tit. 8, § 13520; *see Barnhill v. Robert Saunders & Co.,* 125 Cal.App.3d 1, 7-8, 177 Cal.Rptr. 803 (1981) ("[A]n employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due. As used in section 203, 'willful' merely means that the employer intentionally failed or refused to perform an action which was required to be done").

Under this cause of action, Plaintiff, incorporating previous allegations by reference, alleges: "28. Plaintiff was owed funds she earned while working for Plaintiff up through and including her last day of work for defendant. [¶] 29. Defendant willfully failed to pay Plaintiff earnings for Plaintiff up through her termination date in a timely manner as required by California law, including Labor Code 201, and paid such earnings over three months late. [¶] 30. Plaintiff is entitled to statutory waiting time penalties for the failure to timely pay such funds under Labor Code 203." Plaintiff's allegations are clearly insufficient to constitute a cause of action under California law. *See Oppenheimer v. Robinson,* 150 Cal.App.2d 420, 422-23, 309 P.2d 887 (1957) (holding plaintiff could not state a claim under sections 201 and 203 where the complaint failed to allege the amount of earnings that were allegedly due and unpaid at the time of discharge, the plaintiff's wage rate or the number of days that elapsed until payment was made). But again, in federal courts, the sufficiency of a complaint is assessed within "the liberal system of 'notice pleading' set up by the Federal Rules." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). The factual content alleged by Plaintiff allows the Court to draw the reasonable inference Defendant is liable under sections 201 and 203, and is therefore sufficient to meet Plaintiff's burden under *Iqbal, supra,* 556 U.S. 662. Accordingly, Defendant's motion to dismiss this cause of action must be denied.

**V. DISPOSITION**

Based on the foregoing, the motion of defendant Synagro West, LLC to dismiss the third and fourth causes of action in the complaint is DENIED.

IT IS SO ORDERED.

Dated:   December 23, 2011                                                                                  
                                                          CHIEF UNITED STATES DISTRICT JUDGE