1   Vince M. Verde CA Bar No. 202472
    vince.verde@ogletreedeakins.com
2   Angela Pak CA Bar No. 240177
    angela.pak@ogletreedeakins.com
3   OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
4   Park Tower, Suite 1500
    695 Town Center Drive
5   Costa Mesa, CA  92626
    Telephone:  714.800.7900
6   Facsimile:   714.754.1298

7   Attorneys for Defendant SYNAGRO WEST, LLC

8                  **UNITED STATES DISTRICT COURT**

9                 **EASTERN DISTRICT OF CALIFORNIA**

10

11  MIMI PEREZ-FALCON,                    Case No. 1:11-CV-01645-AWI-JLT

12             Plaintiff,                 **DEFENDANT SYNAGRO WEST,
                                          LLC'S ANSWER TO COMPLAINT**
13         v.

14  SYNAGRO WEST, LLC; and DOES 1
    through 10, inclusive,
15

16             Defendant.

17                                        Action Filed:  September 27, 2011
                                          Judge:  Hon. Anthony W. Ishii
18

19         Defendant Synagro West, LLC ("Synagro" or "Defendant") hereby answers

20  Plaintiff Mimi Perez-Falcon's Complaint (the "Complaint") and admits, denies and

21  alleges as follows:

22                     **GENERAL ALLEGATIONS**

23         1.     Paragraph 1 sets forth legal conclusions to which Defendant need not

24  and does not respond.  Defendant admits that its principal place of business is

25  Houston, Texas.  To the extent that paragraph 1 contains any other factual

26  allegations, Defendant lacks sufficient information and knowledge with which to

27  admit or deny the factual allegations in paragraph 1 of the Complaint.

28         2.     Paragraph 2 sets forth legal conclusions to which Defendant need not

11500067_2.DOC

and does not respond.  To the extent that paragraph 2 contains factual allegations, Defendant lacks sufficient information and knowledge with which to admit or deny the factual allegations in paragraph 2 of the Complaint.

3.  Paragraph 3 sets forth legal conclusions to which Defendant need not, and does not respond.  Defendant admits that Defendant is a Delaware limited liability corporation qualified to do business in California.  Defendant further admits that Defendant employed Plaintiff.

4.  Defendant lacks sufficient information with which to admit or deny the allegations contained in paragraph 4 of the Complaint.

5.  With respect to paragraph 5, Defendant admits that Plaintiff worked for Defendant from June 2008 through June 2010 as an Environmental & Safety Engineer at its facility in New York.  Defendant further admits that in or around September 2010 Plaintiff began working for Defendant as a Compliance Coordinator/Technical Services Manager at its facility in Taft, California which is involved with, among other things, processing biosolids.

6.  With respect to paragraph 6, Defendant admits that Plaintiff worked for Defendant as a Compliance Coordinator/Technical Services Manager.  Defendant further admits that Plaintiff's job duties included, but were not limited to, ensuring that Defendant's facilities were in compliance with all regulatory requirements and permit conditions.

7.  Paragraph 7 sets forth legal conclusions to which Defendant need not and does not respond.  Defendant admits that Plaintiff complained to Defendant in May 2011 that an employee told Plaintiff that that employee may have overheard (via walky talky) other employees talking about Plaintiff.  Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8.  Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.  Defendant lacks sufficient information with which to admit or deny

whether Plaintiff received a letter on May 24, 2011 terminating her employment with Defendant.  Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10.     Paragraph 10 sets forth legal conclusions to which Defendant need not and does not respond.  To the extent that paragraph 10 sets forth factual allegations, Defendant lacks sufficient information with which to admit or deny the factual allegations in paragraph 10 of the Complaint.

## FIRST CLAIM FOR RELIEF

11.     Answering paragraph 11, Defendant repeats and re-alleges its responses to paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.     Paragraph 12 sets forth legal conclusions to which Defendant need not and does not respond.  Defendant admits that Linton was involved in the decision to terminate Plaintiff and that she flew to California to give Plaintiff her termination notice.  Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13.     Paragraph 13 sets forth legal conclusions to which Defendant need not and does not respond.

14.     Paragraph 14 sets forth legal conclusions to which Defendant need not, and does not respond.  To the extent that paragraph 14 contain factual allegations, Defendant denies the factual allegations in paragraph 14 of the Complaint.

15.     Paragraph 15 sets forth legal conclusions to which Defendant need not, and does not respond.  To the extent that paragraph 15 contain factual allegations, Defendant denies the factual allegations in paragraph 15 of the Complaint.

## SECOND CLAIM FOR RELIEF

16.     Answering paragraph 16, Defendant repeats and re-alleges its responses to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17.     Paragraph 17 sets forth legal conclusions to which Defendant need not, and does not respond.  To the extent that paragraph 17 contain factual allegations,

1    Defendant denies the factual allegations in paragraph 17 of the Complaint.

2        18.    Paragraph 18 sets forth legal conclusions to which Defendant need not,

3    and does not respond.  To the extent that paragraph 18 contain factual allegations,

4    Defendant denies the factual allegations in paragraph 18 of the Complaint.

5        19.    Paragraph 19 sets forth legal conclusions to which Defendant need not,

6    and does not respond.  To the extent that paragraph 19 contain factual allegations,

7    Defendant denies the factual allegations in paragraph 19 of the Complaint.

8        20.    Paragraph 20 sets forth legal conclusions to which Defendant need not,

9    and does not respond.  To the extent that paragraph 20 contain factual allegations,

10    Defendant denies the factual allegations in paragraph 20 of the Complaint.

### THIRD CLAIM FOR RELIEF

12        21.    Answering paragraph 21, Defendant repeats and re-alleges its responses

13    to paragraphs 1 through 20 of the Complaint as if fully set forth herein.

14        22.    Defendant admits that Defendant terminated Plaintiff's employment due

15    to her inability to perform her job duties.  As to all other allegations, Defendant lacks

16    sufficient information with which to admit or deny on the basis that the allegations

17    are vague and ambiguous.

18        23.    Defendant denies the allegations contained in paragraph 23 of the

19    Complaint.

20        24.    Paragraph 24 sets forth legal conclusions to which Defendant need not,

21    and does not respond.  To the extent that paragraph 24 contain factual allegations,

22    Defendant denies the factual allegations in paragraph 24 of the Complaint.

23        25.    Paragraph 25 sets forth legal conclusions to which Defendant need not,

24    and does not respond.  To the extent that paragraph 25 contain factual allegations,

25    Defendant denies the factual allegations in paragraph 25 of the Complaint.

26        26.    Paragraph 26 sets forth legal conclusions to which Defendant need not,

27    and does not respond.  To the extent that paragraph 26 contain factual allegations,

28    Defendant denies the factual allegations in paragraph 26 of the Complaint.

## FOURTH CLAIM FOR RELIEF

27.    Answering paragraph 27, Defendant repeats and re-alleges its responses to paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.    Paragraph 29 sets forth legal conclusions to which Defendant need not, and does not respond.  To the extent that paragraph 29 contain factual allegations, Defendant denies the factual allegations in paragraph 29 of the Complaint.

30.    Paragraph 30 sets forth legal conclusions to which Defendant need not, and does not respond.  To the extent that paragraph 30 contain factual allegations, Defendant denies the factual allegations in paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

As separate, distinct, and affirmative defenses, Defendant alleges and avers the following:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.    As a first and separate defense, Plaintiff's Complaint and each cause of action therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Waiver)

2.    As a second and separate defense, Plaintiff's recovery in this action is barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

(Estoppel)

3.    As a third and separate defense, Plaintiff's recovery in this action is barred in whole or in part by the doctrine of estoppel.

///

DEFENDANT'S ANSWER TO COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.     As a fourth and separate defense, Plaintiff's causes of action are barred in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5.     As a fifth and separate defense, Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedures Sections 337, 338, 339 and 340, California Government Code sections 12960 and 12965.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification)

6.     As a sixth and separate defense, Plaintiff's causes of action and the damages sought thereby, is barred in whole or in part to the extent that Plaintiff ratified Defendant's conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

7.     As a seventh and separate defense, Plaintiff's causes of action are barred in whole or in part by the doctrine of accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8.     As an eighth and separate defense, Plaintiff's recovery in this action is barred in whole or in part by his own unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (No Willful Misconduct)

9.     As a ninth and separate defense, Plaintiff is not entitled to any penalty award under Sections 201, 203 or any other provision of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, or intentionally

fail to comply with the compensation provisions of the California Labor Code but rather acted in good faith and had reasonable grounds for believing that Defendant did not violate those provisions.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Perform)

10.  As a tenth and separate defense, Defendant alleges that at all times relevant hereto, Defendant performed and discharged each and every obligation owed to Plaintiff, if any, except such obligations as Defendant was excused from performing as a result of Plaintiff's conduct and failure to perform obligations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

11.  As an eleventh and separate defense, Defendant alleges the Complaint, and each purported cause of action therein, fails to allege facts sufficient to allow recovery of attorneys' fees from Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith Discharge of Obligations)

12.  As a twelfth and separate defense, Defendant alleges that at all times relevant hereto, Defendant performed and discharged in good faith each and every obligation owed, if any, to Plaintiff, acting without malice and with the good faith belief in the propriety of its conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

13.  As a thirteenth and separate defense, Defendant alleges that Plaintiff is barred from recovering any damages, or any recovery of damages must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Facts Alleged Insufficient to Support Claim for Punitive Damages)

14.     This answering Defendant alleges that Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that Defendant engaged in oppressive, fraudulent or malicious conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

15.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts referred to in the Complaint on the grounds that said acts, if any, were performed by an employee of Defendant and that none of Defendant's officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendant or its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Defendant employ said employee with a conscious disregard of the rights or safety of others.  California *Civ. Code* section 3294.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Procedural and Substantive Due Process)

16.     This answering Defendant alleges that any and all claims for punitive or exemplary damages set forth in the Complaint violate the Eighth and Fourteenth Amendments of the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

17.     As a seventeenth and separate defense, Defendant alleges Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, available affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event that

DEFENDANT'S ANSWER TO COMPLAINT

1    discovery indicates that they would be appropriate.

2          WHEREFORE, Defendant Synagro West, LLC prays for judgment as follows:

3      1.  That Plaintiff take nothing by her Complaint;

4      2.  That judgment be entered against Plaintiff and in favor of Defendant;

5      3.  That Defendant be awarded its attorneys' fees incurred herein;

6      4.  That Defendant be awarded its costs of suit herein; and

7      5.  For such other and further relief as the Court deems just and proper.

8

9    DATED:  January 6, 2012                  OGLETREE, DEAKINS, NASH, SMOAK &
                                              STEWART, P.C.
10

11

12                                           By: */s/ Angela Pak*
                                                 Vince M. Verde
13                                               Angela Pak
                                                 Attorneys for Defendant SYNAGRO
14                                               WEST, LLC

15

16   11500067.2 (OGLETREE)

17

18

19

20

21

22

23

24

25

26

27

28